HEATH & STEINBECK, LLP
STEVEN A. HEATH (SBN 250867)
ROGER R. STEINBECK (SBN 259024)
2500 Broadway, Suite F-125
Santa Monica, California 90404
Telephone: (424) 238-4532
Facsimile: (323) 210-3242
saheath@heathsteinbeck.com
rsteinbeck@heathsteinbeck.com

Attorneys for Plaintiff BTM, LLC, an Arizona Limited Liability Company

FILED
2014 MAR 18 PM 3:35
SANTA ANA
BY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

BTM, LLC, an Arizona Limited Liability Company,

Plaintiff,

vs.

WILLIAM P. THOMAS, III, an individual; FRANK THOMAS, an individual; CAROLYN THOMAS WALTERS, an individual; and BARBARA THOMAS, an individual,

Defendants.

CASE NO.: **SACV14 - 00414 JVS (RNBx)**

**COMPLAINT FOR:**

**(1) DECLARATORY RELIEF;**
**(2) BREACH OF CONTRACT;**
**(3) SPECIFIC PERFORMANCE; AND**
**(4) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

**DEMAND FOR JURY TRIAL**

COPY

BY FAX

Pursuant to the Court's jurisdiction under 28 U.S.C. §§ 1331, 1332, 1391, 2201, and 2202, Plaintiff BTM, LLC ("BTM"), by and through its undersigned counsel of record, files this Complaint against Defendants William P. Thomas, III, Frank Thomas, Carolyn Thomas Walters, and Does 1 through 25, inclusive, upon knowledge as to itself

and upon and information and belief as to all other matters, and alleges for its Complaint as follows:

**NATURE OF THE ACTION**

1. This action seeks (i) a declaration that BTM has not breached an Authorization Agreement under which it holds the right to manufacture ‘continuation’ versions of a classic 1960s sportscar known as the ‘Bill Thomas Cheetah’; (ii) damages for Defendants’ ongoing and wilful breaches of the Authorization Agreement; (iii) specific performance of certain obligations Defendants owe under the Authorization Agreement, namely, delivery of unique and irreplaceable letters that demonstrate the authenticity of the continuation Cheetahs; and (iv) iii) punitive damages for Defendants’ ongoing and wilful interference with BTM’s contractual relations.

**THE PARTIES**

2. Plaintiff BTM, LLC is a limited liability company organized under the laws of the State of Arizona, with its principal place of business in Glendale, Arizona.

3. Upon information and belief, Defendants William P. Thomas, III, Frank Thomas, Carolyn Thomas Walters, and Barbara Thomas (collectively, “Defendants”), are all individuals residing within this judicial district.

**JURISDICTION AND VENUE**

4. BTM brings this action pursuant to 28 U.S.C. §§ 2201 and 2202. The United States District Courts have subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331..

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and because complete diversity exists between BTM and Defendants. Specifically, BTM’s members are all residents of the State of Arizona, and Defendants are all residents of the State of California.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants reside in this district and are subject to personal jurisdiction within this

district, and because a substantial part of the events giving rise to this proceeding occurred within this district.

## FACTUAL BACKGROUND

7. BTM was formed in 2001 to manufacture an automobile known as the 'Bill Thomas Cheetah.' William Thomas, Jr, commonly known as 'Bill Thomas, Jr.,' was a tester and manufacturer of high performance automobile parts in the 1950s and 1960s. He designed, manufactured, and sold the Cheetah sports car between approximately 1963 and 1966 and, to this day, the Cheetah enjoys a popular reputation among racing car enthusiasts.

8. BTM hold the exclusive rights to manufacture 'continuation' versions of the Bill Thomas Cheetah ("Continuation Cheetah"). Such rights arise from a written Authorization Agreement that BTM and Bill Thomas Jr. formed in December 2001. BTM's president Robert Auxier, III first met Bill Thomas Jr. in 1994, and they developed a friendship based on their mutual love of the original Cheetah. That friendship continued over the ensuing years, and led to the execution of the Authorization Agreement on December 28, 2001. A true and correct copy of the Authorization Agreement is attached as Exhibit A to this Complaint and incorporated by this reference as though fully set forth herein. Upon information and belief, Defendants are the assignees of Bill Thomas, Jr.'s rights and obligations under the Authorization Agreement.

9. Without limitation, the Authorization Agreement provides BTM with the exclusive right to manufacture and sell 100 Continuation Cheetahs (§ 1) and the exclusive right to use all Cheetah logos (§ 4).[1] BTM also has the right to receive up to 100 authentication letters, as required, in order to demonstrate that the car is an authentic reproduction of the original Cheetah design (§ 2). In exchange, BTM is required to pay a 'royalty' of $3,000 per authentication letter (§ 3). Furthermore, BTM has the right to use the Cheetah logo on memorabilia products, such as apparel (§ 6).

---

[1] Unless otherwise noted, all sections referenced in this Complaint refer to the corresponding section in the Authorization Agreement.

10. In or around the time the Authorization Agreement was executed, BTM provided Bill Thomas, Jr. with 100 authentication letters for his signature, as well as a locked, fireproof safe in which the letters were to be stored. Mr. Auxier personally witnessed Bill Thomas, Jr. sign the 100 authentication letters and personally provided him with the safe. The Authorization Agreement specifically references this arrangement (§ 2). A sample letter of authorization is attached to this Complaint as Exhibit B.

11. From 2001 onwards, BTM performed its obligations under the Authorization Agreement. Between 2001 and 2009, BTM manufactured and sold 30 Continuation Cheetahs. For each of these sales, Bill Thomas, Jr. retrieved a letter of authenticity from the safe and provided it to BTM and, in exchange, BTM paid $3,000 for each letter.

12. In October 2009, Bill Thomas, Jr. passed away. The Authorization Agreement specifically provides that it inures to the benefit of the parties' heirs (§ 9). Upon information and belief, each of the defendants herein are Bill Thomas, Jr.'s heirs, and/or the assignees of his rights and obligations under the Authorization Agreement.

13. Between 2010 and 2012, BTM received no orders for the Continuation Cheetah, most likely due to the recent economic downturn. However, BTM continued to offer the Continuation Cheetah for sale, by, for example, maintaining its website, www.billthomascheetah.com, in which it advertised its ability to manufacture Continuation Cheetahs. Moreover, BTM was prepared and able to meet any orders during that timeframe. Furthermore, during this period, BTM was actively engaged in other business relating to the Cheetah. For example, BTM sold several rolling Cheetah chassis, body packages, and interior packages, and purchased a unique 1965 Super Cheetah 427 Le Mans prototype. Through Mr. Auxier, BTM also continued its efforts at developing a Bill Thomas Cheetah museum / library.

14. In 2013, and with the economy picking up, BTM received at least three orders for Continuations Cheetahs, which would otherwise constitute numbers 31, 32, and 33 manufactured and sold under the Authorization Agreement. Accordingly, on

April 24, 2013, BTM, through Mr. Auxier, emailed Defendant Frank Thomas to request confirmation as to whom BTM should make out the cashier's check for the corresponding three authentication letters. A true and correct copy of Mr. Auxier's April 24, 2013 email is attached hereto as Exhibit C to this Complaint and incorporated by this reference as though fully set forth herein.

15. In May 2013, and rather than comply with their obligations under the Authorization Agreement, Defendants instead falsely claimed that BTM had breached the Authorization Agreement and purported to terminate it. Inexplicably, Defendants' purported termination of the Authorization Agreement is premised on the claim that BTM failed to pay the 'royalties' owed for the three recent orders BTM received for Continuation Cheetahs, despite BTM's unequivocal good faith attempt, through Mr. Auxier's April 24, 2013 email to Defendant Frank Thomas, to confirm as to whom BTM should direct the funds. Furthermore, Defendants have refused to provide any further letters of authorization despite BTM's good faith efforts to pay for them.

16. Upon information and belief, Defendants' breaches of the Authorization Agreement also extends to the following misconduct:

a. In flagrant defiance of the Authorization Agreement (§ 1), Defendants have purported to provide exclusive rights to manufacture Continuation Cheetahs to a third party company based in Ohio, and such company is receiving orders for and selling Continuation Cheetahs;

b. In violation of BTM's exclusive rights to receive letters of authentication for each Continuation Cheetah that it manufactures (§ 2), Defendants have been selling such letters in connection with the Ohio-based manufacturer's wrongful manufacture and sale of Continuation Cheetahs;

c. In violation of BTM's exclusive rights to use all Cheetah logos (§ 4), Defendants have purported to license the logo to a third party company with a U.S. subsidiary based in New Jersey, and such company is using the logo to manufacture and sell slot cars based on the Cheetah design;

d. In violation of BTM's exclusive rights to use all Cheetah logos on memorabilia products (§ 6), Defendants have purported to license the logo to a third party company based in Illinois, and such company is using the logo to manufacture and sell clothing bearing the Cheetah logo; and

e. In a clear-cut attempt to cause BTM financial injury, Defendants have intentionally interfered with BTM's existing and prospective contractual relations, resulting in cancelled orders, significant harm to BTM's reputation, and loss of profits.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief)**

**(Against All Defendants)**

17. BTM repeats and realleges the allegations contained in paragraphs 1 through 16 as though fully set forth herein.

18. An actual case or controversy exists between BTM, on the one hand, and Defendants, on the other hand, as to whether the Authorization Agreement was terminated on or around May 31, 2013.

19. The foregoing controversy should be determined by the Court as BTM and Defendants are unable to resolve the controversy except by judicial intervention.

20. In light of the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, BTM desires and is entitled to a declaration from the Court that (i) the Authorization Agreement was not terminated on or around May 31, 2013; and (ii) the Authorization Agreement remains in full force and effect.

Wherefore, BTM prays for judgment against Defendants, as set forth hereafter.

**SECOND CLAIM FOR RELIEF**

**(Breach Of Contract)**

**(Against All Defendants)**

21. BTM repeats and realleges the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22. In December 2001, BTM entered into the Authorization Agreement with

Bill Thomas, Jr. relating to the manufacture of ‘continuation’ versions of the Bill Thomas Cheetah as described above.

23. Upon information and belief, Defendants are the assignees of Bill Thomas, Jr.’s rights and obligations under the Authorization Agreement.

24. BTM has performed all covenants and conditions, and each and every one of its obligations, under the Authorization Agreement, except to the extent such performance was waived, excused, or prevented by reason of Defendants’ acts and/or omissions.

25. Defendants have breached their obligations under the Authorization Agreement by, among other things, engaging in the following misconduct:

a. Defendants have purported to provide exclusive rights to manufacture Continuation Cheetahs to a third party company based in Ohio, and such company is receiving orders for and selling Continuation Cheetahs;

b. In violation of BTM’s exclusive rights to receive letters of authentication for each Continuation Cheetah that it manufactures (§ 2), Defendants have been selling such letters in connection with the Ohio-based manufacturer’s wrongful manufacture and sale of Continuation Cheetahs;

c. In violation of BTM’s exclusive rights to use all Cheetah logos (§ 4), Defendants have purported to license the logo to a third party company with a U.S. subsidiary in New Jersey, and such company is using the logo to manufacture and sell slot cars based on the Cheetah design; and

d. In violation of BTM’s exclusive rights to use all Cheetah logos on memorabilia products (§ 6), Defendants have purported to license the logo to a third party company based in Illinois, and such company is using the logo to manufacture and sell clothing bearing the Cheetah logo.

26. In addition to the above-described breaches of express obligations imposed upon Defendants under the Authorization Agreement, said breaches also constitute breaches by Defendants or the implied covenant of good faith and fair dealing contained

herein. The Authorization Agreement contained an implied covenant of good faith and fair dealing, by which neither party to the contract may do anything to deprive the other party of the rights, benefits, and protections of the Authorization Agreement.

27. By virtue of the conduct described above, Defendants have breached the implied covenant of good faith and fair dealing contained in the Authorization Agreement.

28. BTM has suffered, and will continue to suffer, damages in an amount to be proven at trial, proximately caused by Defendants' above-described wrongful conduct, including, without limitation, considerable and ongoing lost profits and opportunities, and BTM's out-of-pocket payment of fees to its counsel retained to enforce the Authorization Agreement.

Wherefore, BTM prays for judgment against Defendants, as set forth hereafter.

**THIRD CLAIM FOR RELIEF**

**(Specific Performance)**

**(Against All Defendants)**

29. BTM repeats and realleges the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

30. The Authorization Agreement is a just and reasonable contract and is support on both sides by adequate consideration.

31. BTM's remedy in damages or in an action at law for Defendants' breach of the Authorization Agreement will be inadequate to protect BTM's rights to manufacture and sell Continuation Cheetahs and deliver letters of authentication to its customers. As such, the Authorization Agreement is a specially-enforceable contract.

32. The Authorization Agreement explicitly provides that BTM is entitled to up to 100 letters of authentication upon payment of the 'royalty' of $3,000 for each letter that BTM requests. The letters of authentication are unique, having been signed by Bill Thomas, Jr. for the specific purpose of being provided to BTM upon BTM's request. Moreover, given Bill Thomas, Jr.'s death in October 2009, such letters are irreplaceable.

33. Defendants have possession, custody, and/or control of the letters of authentication described in the Authorization Agreement and referenced in this Complaint above.

34. Defendants have breached the Authorization Agreement as described in detail above, and by failing to deliver the letters of authentication to BTM upon BTM's request for such letters and attempted tender of payment for the same.

35. BTM has fully performed all duties, obligations, covenants, and conditions required of it under the Authorization Agreement, except to the extent such performance was waived, excused, or prevented by reason of Defendants' act and/or omissions.

36. In light of BTM's inadequate remedy at law, the fact that Defendants' conduct and wrongful retention of the letters of authentication will produce a great or irreparable injury to BTM, and the fact that any judgment in this action based purely on monetary relief will be ineffectual and/or insufficient to compensate BTM for the harm it has suffered, BTM is entitled to an order for specific performance requiring Defendants, and each of them, to deliver to BTM the letters of authentication as set forth in the Authorization Agreement.

Wherefore, BTM prays for judgment against Defendants, as set forth hereafter.

**FOURTH CLAIM FOR RELIEF**

**(Intentional Interference With Existing Contractual Relations – Customers)**

**(Against All Defendants)**

37. BTM repeats and realleges the allegations contained in paragraphs 1 through 36 as though fully set forth herein.

38. As alleged above, in 2013, BTM received at least three orders for Continuation Cheetahs and entered into valid contractual relationships with customers for the manufacture and sales of the Cheetahs.

39. At all material times, Defendants were aware of the contracts between BTM and its customers, because BTM specifically informed Defendants of them and requested letters of authentication corresponding to the orders.

40. Upon information and belief, Defendants engaged in acts designed to interfere with and/or disrupt BTM's contractual relationships with its customers. For example, Defendants refused to provide BTM with letters of authentication for its orders with the specific intent of disrupting customer relationship and/or hindering BTM's fulfillment of the orders.

41. BTM has suffered, and will continue to suffer, damages in an amount to be proven at trial, and such damage is proximately caused by Defendants' conduct. Moreover, Defendants have at all times acted with a conscious disregard for BTM's rights, and are guilty of oppression, fraud, and malice. BTM is therefore entitled to recover exemplary and punitive damages from Defendants in an amount to be proven at trial.

Wherefore, BTM prays for judgment against Defendants, as set forth hereafter.

**FIFTH CLAIM FOR RELIEF**

**(Intentional Interference With Existing Contractual Relations – Memorabilia)**

**(Against All Defendants)**

42. BTM repeats and realleges the allegations contained in paragraphs 1 through 41 as though fully set forth herein.

43. As alleged above, through the Authorization Agreement BTM has the exclusive right to use all Cheetah logos on memorabilia products (§ 6), and, based on that right, has entered into existing and valid contracts relating to the production and supply of such memorabilia, including clothing.

44. At all material times, Defendants were aware of the contracts between BTM and its suppliers, because such contracts are by and between BTM, on the one hand, and certain other members of the Thomas family, on the other hand.

45. Upon information and belief, Defendants engaged in acts designed to interfere with and/or disrupt BTM's contractual relationships with suppliers. For example, Defendants have purported to license the logo to a third party company based in

Illinois, and such company is using the logo to manufacture and sell clothing bearing the Cheetah logo.

46. BTM has suffered, and will continue to suffer, damages in an amount to be proven at trial, and such damage is proximately caused by Defendants' conduct. Moreover, Defendants have at all times acted with a conscious disregard for BTM's rights, and are guilty of oppression, fraud, and malice. BTM is therefore entitled to recover exemplary and punitive damages from Defendants in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BTM, LLC prays for judgment as follows:

A. That judgment be entered in its favor and against the Defendants, and each of them;

B. A declaratory judgment that (i) the Authorization Agreement was not terminated on or around May 31, 2013; and (ii) the Authorization Agreement remains in full force and effect;

C. For compensatory and general damages according to proof;

D. For special damages according to proof;

E. For punitive and exemplary damages accordingly to proof;

F. For an order of specific performance requiring Defendants, and each of them, to deliver to BTM the letters of authentication as set forth in the Authorization Agreement.

G. For restitution and/or disgorgement of all sums unlawfully obtained by Defendants;

H. For a preliminary and/or permanent injunction against Defendants;

I. For costs of suit, including all reasonable attorney's fees;

J. For prejudgment interest to the extent permitted by law; and

K. For such other relief as the Court deems just and proper

L. Awarding BTM its costs and attorney's fees incurred in this action; and

M. Awarding such other relief as the Court deems just and proper.

**JURY DEMAND**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, BTM respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: March 18, 2014

Respectfully Submitted,

HEATH & STEINBECK, LLP

By: ______________________________
Steven A. Heath
Roger R. Steinbeck
Attorneys for Plaintiff BTM, LLC

EXHIBIT A

Authorization Agreement.

This Authorization Agreement as of Dec,28 2001 by and between
BTM-LLC Manufacturer and Bill Thomas. a member of BTM LLC. of Arizona

Recitals
A.Thomas has previously developed, manufactured and distributed a
Specialty motor vehicle utilizing a certain set of specifications and
Bearing the Name "Cheetah" ("Original Product").
B. BTM-LLC wishes to manufacture a continuation model of the Original
Product bearing the Name "Cheetah" ("Continuation Product") for
Worldwide distribution with a letter ("Authentication Letter") from Bill
Thomas affirming that each unit of the Continuation Product is an
Authentic reproduction of the Original Product; and
C. Thomas is willing to consent to such manufacture and distribution and
To provide the Authentication Letter for up to one hundred (100) units
Of the Continuation Product under the terms and conditions set forth
Below.

NOW, THEREFORE, in consideration of mutual promises contained herein it is
Agreed as follows;

1. Manufacture of the Product. Thomas consents to Manufacturer
Manufacturing and distributing up to one hundred (100) units of the
Continuation Product in accordance with the specifications used by Bill
Thomas in the manufacture of the Original Product.
Manufacturer may deviate from the Original specifications to the extent
Manufacturer reasonably believes that it is desirable to do so in order
To assure the safety and efficient operation of the Continuation
Product. Any and all deviations from Original Cheetah specifications are at the
sole discretion and responsibility of the manufacturer

2. Authentication Letters. Manufacturer will provide one hundred (100)
Authentication letters to Bill Thomas for him to execute, upon all
Letters executed Thomas will store them in a locked fireproof safe
Provided by the Manufacturer.stored at his home, Upon each payment of
The Royalty specified in Section 3 below, Thomas shall deliver to
Manufacturer the original executed Authentication Letters in-groups of three (3)
bearing the numbers requested by Manufacturer, within (14) days of such
payment.

3. Royalty. The Royalty that the Manufacturer will pay Thomas for each
Authentication Letter delivered to Manufacturer under Section 2 will be
The sum of  ($3,000.00)

4. Exclusive Manufacturing Rights: Thomas agrees  BTM-LLC of Arizona has full

and Exclusive Manufacturing rights Produce The New Bill Thomas Approved Cheetah series "001 through 100". Also BTM has Exclusive rights to use the Original BTM logo in all forms and designs.

5. Terms and Terminations: This agreement shall commence on the date first set forth above and shall continue
Indefinitely earlier of the 2 occur of the following:

a. Manufacturer has completed the 100 Cheetahs and received the 100 authenticity letters.
b. The parties mutually agree in writing to terminate the contract.
c. Upon the failure of one of the parties to cure a material breach of this contract Within thirty (30) days after being served with written notice of the breach, the other party may terminate this contract upon thirty (30) days prior written notice.

6. Commercial symbols, decals, logos, T-shirts, hats, and any form of apparel will be referred to as Memorabilia. Thomas consents to the use of all memorabilia which was used in the marketing and distribution of the original Cheetah project to be used by the manufacturer and its authorized distributor in marketing and distribution of the new continuation "Cheetah Automobile." Manufacturer BTM LLC has exclusive rights to the marketing and distribution of all memorabilia products with the right to appoint a distributor from time to time to assist in the marketing and distribution of memorabilia products. BTM LLC reserves the right to suspend, stop and or cancel the distributors right to marketing and distribution of any and all memorabilia products at any time. Thomas reserves the right to produce all memorabilia products to be sold to BTM LLC with exception of products Thomas is unable to produce. BTM LLC has the right to find a supplier that can produce that certain product.

7. No Joint Venture. This Agreement does not constitute and shall not be construed to constitute an agency, a partnership or a joint venture between Manufacturer and Thomas. Neither party shall have the right to obligate or bind the other party in any manner whatsoever, and nothing contained in this Agreement shall give or is intended to give any rights of any nature to any third party.

8. Entire Agreement. This Agreement contains the entire understanding between the parties. No representations, inducements, promise's, or agreements, oral or otherwise, not embodied herein shall be of any force or effect. This Agreement supersedes any and all other oral or written agreements entered into between the parties. This agreement may be amended only in writing signed by both parties.

9. Binding Effect: Assignment. This Agreement shall be binding upon and inure to the benefit of the parties hereto, and they're respective heirs,

10. Governing Law. This Agreement shall be governed by, and construed and Interpreted in accordance with the internal law of the State of Arizona Without reference to principles of conflicts of law.

11.IndemnificationManufacturer shall defend, indemnify and hold harmless Bill Thomas and his heirs from and against any and all claims (including reasonable attorney fees), arising out of his authenticating the original cheetah. It is my understanding these cheetahs will be sold for off road use only, and are not to be used on public roads, highways or streets.

Bill Thomas member BTM LLC of Arizona ____________________

Charles Auxier member BTM LLC of Arizona ____________________

member BTM LLC of Arizona ____________________

member BTM LLC of Arizona ____________________

EXHIBIT B



# Certificate of Authenticity

## Bill Thomas Authorized
## Limited Race Car Series "001 through 100"

**NO.** 029

*This letter certifies the motor vehicle manufactured by BTM LLC of Arizona, bearing the vehicle sequence number recorded above is an Authentic Continuation of the Original Cheetah Automobile developed and manufactured by Bill Thomas in Anaheim, California, between the years 1963-1966 and has been manufactured in accordance with the specifications of the original Cheetah except for necessary upgrades and modernization to enhance the safety and efficient operation. Any and all deviations from the original Cheetah specifications are at the sole discretion and responsibility of the manufacturer.*

*Manufacture of the Original Cheetah was discontinued in 1966 and, until now, additional units of the Cheetah have not been available anywhere. With my consent BTM LLC of Arizona has Full Exclusive Authority to reproduce the Original Bill Thomas Cheetah as it has been a long 35 year hiatus.*

*"We built our car to run fast. It's sort of like politics- nobody ever remembers who finished second."*

Bill Thomas

Bill Thomas

**BILL THOMAS**
**Authorized Signature of BTM, LLC**

BTM LLC 2001 ARIZONA

*This certificate void if altered in any way, shape or form.*

EXHIBIT C

---------- Forwarded message ----------
From: **Robert Auxier** <btmcheetah@gmail.com>
Date: Wed, Apr 24, 2013 at 10:22 AM
Subject: Cheetah Letter funds
To: Frank Thomas <pack13000@gmail.com>


Hi Frank,.

 Please say hello to Violet for us,.
I am really pushing the 63 Cheetah Business as hard as I can,.

I have a question regarding letter funds #031 #032 & maybe #033
I need to know what name goes on cashiers check???

Robert Auxier !!!


--
Robert Auxier
BTM Cheetah Owner
Phone: 623-606-3155
Email: BTMCheetah@gmail.com
Website: http://www.billthomascheetah.com

**EXHIBIT 3**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge James V. Selna and the assigned Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

**SACV14-00414 JVS (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

March 18, 2014
Date

By D. Lagman
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☒ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

BTM, LLC, an Arizona Limited Liability Company

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

William P. Thomas, III; Frank Thomas, Carolyn Thomas Walter, Barbara Thomas

(b) County of Residence of First Listed Plaintiff Maricopa, AZ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Orange, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Steven A. Heath, Heath & Steinbeck LLP, 2500 Broadway, Suite F-125
Santa Monica, CA 90404, Tel: (424) 238-4532

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ $75,000 minimum

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

(1) Declaratory relief; (2) Breach of contract; (3) Specific performance; (4) Intentional interference with contractual relations

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpratice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

SACV14 - 00414 JVS (RNBx)

**FOR OFFICE USE ONLY:** Case Number:

COPY BY FAX

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **Question A: Was this case removed from state court?** ☐ Yes ☒ No<br>If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| **Question B: Is the United States, or one of its agencies or employees, a party to this action?** ☐ Yes ☒ No<br>If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| **Question C: Location of plaintiffs, defendants, and claims?** (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. →

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ↓

Your case will initially be assigned to the WESTERN DIVISION. Enter "Western" in response to Question D below.

| **Question D: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: → | Southern Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed? [X] NO [ ] YES

If yes, list case number(s): ______

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case? [X] NO [ ] YES

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

[ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: March 18, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |