HEATH & STEINBECK, LLP
STEVEN A. HEATH (SBN 250867)
ROGER R. STEINBECK (SBN 259024)
2500 Broadway, Suite F-125
Santa Monica, California 90404
Telephone: (424) 238-4532
Facsimile:  (323) 210-3242
saheath@heathsteinbeck.com
rsteinbeck@heathsteinbeck.com

Attorneys for Plaintiff and Counterdefendant
BTM, LLC, an Arizona Limited Liability Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| BTM, LLC, an Arizona Limited Liability Company, | CASE NO.: SACV14-00414 JVS (RNBx) |
| Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL** |
| vs. | |
| WILLIAM P. THOMAS, III, an individual; FRANK THOMAS, an individual; CAROLYN THOMAS WALTERS, an individual; and BARBARA THOMAS, an individual, | |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |

To expedite discovery, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, Plaintiff BTM, LLC and Defendants WILLIAM P. THOMAS, III, FRANK THOMAS, and CAROLYN THOMAS WALTERS, by and through their respective counsel of record,

1

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

hereby stipulate and agree to entry of this order governing discovery material pursuant to Federal Rules of Civil Procedure, Rule 26(c) under the following terms and conditions:

1.      Certain information, documents, and other things discovered from a party under the Federal Rules of Civil Procedure or voluntarily produced by a party in this action ("Discovery Material") may include confidential or private information of the party from which the discovery is sought. Information, documents, and other things, which are otherwise not objectionable, shall be produced whether voluntarily or in response to formal discovery, subject to this Protective Order ("Order").

2.      Any of the parties producing Discovery Material in this litigation may designate Discovery Material produced by it/him/her as "Confidential" under the terms of this Order. This designation shall be limited to information which the disclosing party in good faith believes contains or reveals private, confidential, proprietary, or commercially sensitive information that requires the protections provided by this Order. For purposes of this Order, Discovery Material that may be designated "Confidential" includes all non-public materials which contain information reflecting or related to: employment files; personnel records; strategies for training or response; trade secrets; proprietary information; studies or analysis by outside expert(s) or investigator(s); proprietary technical information; financial or tax data; personal financial information; and/or personal information.  A party may designate Discovery Material as "Confidential" that it believes contains or refers to trade secrets, non-public information, and/or private information that, if disclosed, could cause injury to the producing party.

3.      Discovery Material that is designated "Confidential" and any documents or information derived therefrom, shall be used solely for purposes of this litigation (including appeals) and may not be used for any other purpose whatsoever, including but not limited to the purpose of dissemination to the media or the public, or in connection with any other litigation.

4.      Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in

2

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

whole or part to the following persons: (a) outside and in-house counsel who represent a party in this litigation, and the regular and temporary employees and service vendors of such counsel assisting in the conduct of the litigator, provided such disclosure may solely be for use in accordance with this Order; (b) the parties; (c) independent experts and consultants retained in this action by the attorneys of record, and the employees of such experts and consultants who are assisting them; (d) the Court, its staff and any jurors before whom the case is tried; (e) court reporters employed by the Court or in connection with the litigation; (f) witnesses, or potential witnesses, to this litigation; (g) the authors or recipients of Confidential documents or persons referred to in any Confidential documents; and (h) any other person upon order of the Court or upon stipulation of the producing party.

5.     The designation of Discovery Material as "Confidential" shall be so designated by affixing the legend of "CONFIDENTIAL" to each page containing any "Confidential" Discovery Material. Affixing the appropriate legend on the cover of any multipage document which is bound, stapled, or otherwise securely attached shall designate all pages of the document as "Confidential," unless otherwise indicated by the producing party.

6.     If the producing party inadvertently produces Discovery Material that it considers to be "Confidential" without such designation, the producing party may subsequently designate such Discovery Material as "Confidential" by delivering written notice of such designation to the other parties within a reasonable period after becoming aware of the inadvertent failure to designate such Discovery Material, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Order.  The initial failure to designate information to accordance with this Order shall not be deemed a waiver of confidentiality.

7.     In the case of depositions, the designation of Discovery Material as " Confidential" for purposes of this order shall be made (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to the

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

parties within twenty (20) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any "Confidential" Discovery Material. All deposition transcripts shall be treated as "Confidential" until the expiration of the twentieth business day after receipt by counsel of a copy of the transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" in the litigation shall be deemed "Confidential" Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

8.     "Confidential" Discovery Material may be provided to persons listed in Paragraph 4 (c), (e), (f), (g), and (h) above, provided that such individuals are using said "Confidential" Discovery Material solely in connection with this litigation and provided further that such individuals sign a nondisclosure agreement in the form of the Agreement attached hereto as Exhibit A.

9.     In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

10.     If information subject to a claim of attorney-client privilege, the attorney work product doctrine, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party would otherwise be entitled.  When a producing

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligation of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.     The parties to the litigation agree that the production of any Discovery Material by any non-party to the litigation and designated as "Confidential" shall be subject to and governed by the terms of this Order.  Moreover, a party may designate as "Confidential" any materials produced by a non-party if such designation is appropriate under this Order.

12.     In the event that additional parties join or are joined in the litigation, they shall not have access to "Confidential" Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

13.     The provisions of this Order shall become effective upon its entry by the Court or an alternative thereto that is satisfactory to the parties; however, all material produced and designated as "Confidential" in the manner prescribed herein prior to the effective date of this Order shall be subject to, and governed by, its provisions as through entered by the Court.

14.     If any third party serves a subpoena or other process or request seeking to review any information designated as "Confidential," the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately in writing. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" Discovery Material covered by this Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.  Furthermore, nothing contained in this Order is intended to be construed as authorizing or encouraging a party in this action to disobey a lawful subpoena issued in another action.

15.     Nothing in this Order shall bar or otherwise restrict counsel for any party

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

from rendering advice to their clients with respect to this litigation and, in the course thereof, from relying upon the examination of "Confidential" Discovery Material except in accordance with the terms of this Order.

16.     Nothing in this Order, nor the production of any information or documents under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

17.     This Order shall survive the final termination of this action, to the extent that the information contained in "Confidential" Discovery Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Within sixty (60) calendar days after the conclusion of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), all parties and persons having received "Confidential" Discovery Material shall dispose of all such material either by (i) returning such material to counsel for the producing party, or (ii) destroying such material in a manner that ensures that it will not be disclosed to or disseminated  or received by any person. Upon request, the parties and their counsel shall separately provide written certification to any producing party making the request that such disposal has been completed. Outside counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss, or analyze "Confidential" Discovery Material, provided that such counsel and employees of such counsel shall not disclose such materials to any person unless, after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing party. The "Confidential" Discovery Material kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order. Unless otherwise agreed,

6

1  outside counsel for each party may retain archival copies of all "Confidential" Discovery

2  Material marked as an exhibit during a deposition, used at a hearing or at trial, or filed

3  with the Court, and this Order shall remain in force with respect to such material.

4      18.    This Agreement shall be binding upon and for the benefit of the undersigned

5  parties, their successors and assigns.  Nothing in this Order abridges the right of any

6  person to seek its modification by the Court in the future.

7      19.    In the event that counsel for a Party receiving Documents, Testimony or

8  Information in discovery designated as "Confidential" objects to such designation with

9  respect to any or all of such items, said counsel shall advise counsel for the Designating

10  Party of such objections and the reasons therefore, and the counsel for the Parties shall

11  confer in good faith in an attempt to resolve the objections.  If no resolution can be

12  reached following such good faith conferral, all the items in question shall continue to be

13  treated as "Confidential" as the case may be, pending a resolution of the dispute by the

14  Court.  It shall be the obligation of the Designating Party to seek a hearing of the issue by

15  the Court, and it shall be the obligation of all Parties to cooperate in the efforts to obtain

16  such hearing.  The motion shall be filed and served within fifteen (15) calendar days of

17  the good faith conferral, or the designations shall be automatically eliminated.   The

18  Designating Party has the burden of establishing the applicability of its "Confidential"

19  designation.  All hearings shall take place no later than ninety (90) days prior to the trial

20  date in the Proceeding, unless the facts requiring such a hearing are discovered by any

21  Party after this ninety (90) day cut-off date.  Any motion brought under this paragraph

22  must be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint

23  Stipulation requirement).

24  ///

25  ///

26  ///

27  ///

28  ///

7

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

20.    This Order is not binding on the Court or Court personnel. The Court may amend or modify this Order in the interests of justice or for public policy reasons at any time.

**SO STIPULATED AND AGREED.**

Dated:  September 29, 2014                    HEATH & STEINBECK, LLP


                                              By: */s/ Steven A. Heath*
                                                  Steven A. Heath
                                                  Roger R. Steinbeck
                                                  Attorneys for Plaintiff BTM, LLC


Dated:  September 29, 2014                    THE WALKER LAW FIRM


                                              By: */s/ Jason Matthew Lamb*
                                                  Joseph A. Walker
                                                  Jason Matthew Lamb
                                                  Attorneys for Defendants William P. Thomas, III,
                                                  Frank Thomas, and Carolyn Thomas Walters

8

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

**[PROPOSED] ORDER**

Good Cause Appearing, the Court approves and enters this Stipulation and Protective Order Governing Discovery Material.

**IT IS SO ORDERED**.

Dated:  September  29 , 2014     _____

Hon. Robert N. Block
United States Magistrate Judge

9

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING
DISCOVERY MATERIAL**

## **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on _____ [date] in the case of BTM, LLC v. Thomas,

et al. Case No. SACV14-00414 JVS (RNBx). I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order. I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California for

the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is Heath & Steinbeck, LLP, 2500 Broadway, Suite F-125, Santa Monica, California 90404.

On September 29, 2014, I served the **STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL** on the interested parties in this action:

☒     **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**

   The document was served on the following via The United States District Court – Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing upon the parties, the assigned judge, and any registered user in the case:

   Joseph A. Walker, Esq.
   Jason Matthew Lamb, Esq.
   The Walker Law Firm, APC
   1301 Dove Street, Suite 720
   Newport Beach, CA 92660-2464
   jwalker@twlf.net
   jlamb@twlf.net
   *Attorneys for Defendants and Counterclaimants William P. Thomas, III, Frank Thomas, and Carolyn Thomas Walters*

☒   **(FEDERAL)**     I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 29, 2014, here, at Santa Monica, California.

                                                    */s/ Steven A. Heath*
                                        _____

PROOF OF SERVICE